### In the Matter of Shawn R. PARIS.

### Iron Workers Trust Fund Local No. 5, Washington, DC.

### No. Civ. S 99–613.

United States District Court, D. Maryland.

April 15, 1999.

Nathaniel C. Fick, Fick & Petty, Towson, MD, for Shawn R. Paris, plaintiff.

Francis J. Martorana, Daniel J. McNeal, O'Donoghue & O'Donoghue, Washington, DC, for Iron Workers Trust Fund Local No. 5, Washington, D.C., defendant.

### *MEMORANDUM OPINION*

SMALKIN, District Judge.

This is a case removed under the preemptive sweep of ERISA. The case

was originally instituted by a petition filed in a Maryland state court seeking a declaration that the "make whole doctrine" cuts off the subrogation rights of the Iron Workers' Trust Fund, which is seeking reimbursement for considerable expenditures it has made for medical care and treatment furnished to its ERISA plan beneficiary, Shawn R. Paris, who was seriously injured in a motorcycle accident in Maryland in June of 1996. (The petition was amended, following removal to this Court.) The amended petition alleges that Shawn Paris sustained permanent brain injury and is now in the guardianship of his mother as a disabled, destitute adult child, under the Maryland Family Law Code.

The petition goes on to allege, in substance, that Shawn Paris is 24 years of age, with a life expectancy of approximately 51 additional years, and that litigation arising from the accident causing Shawn Paris' injuries was settled for $100,000.00, which is insufficient to satisfy the subrogation claim asserted by the Iron Workers' Trust Fund in this case.

The petition seeks a declaration that the "make whole doctrine" cuts off the subrogation rights of the Iron Workers' Trust Fund, in that, without application of the "make whole doctrine", there would be no money left out of the settlement to care for Mr. Paris over the long term. A motion for summary judgment is pending and has been opposed. No further briefing or oral argument is needed, Local Rule 105.6, D.Md., as the motion raises only a legal issue that, albeit one of first impression in this District and Circuit, is clearly settled by weight of persuasive authority.

■ It is clear, at the outset, that this is a matter of federal law completely preempted by ERISA, rather than governed by state law. *See, e.g., Harris v. Harvard Pilgrim Health Care, Inc.,* 20 F.Supp.2d 143, 147 (D.Mass.1998). A number of federal courts have dealt with the issue of whether, as a matter of federal common law (the gap-filler in ERISA

cases), the "make whole doctrine" should be recognized. *See* cases collected *id.* at 150–51. The majority of Circuit Court cases that have dealt with the issue hold that even a "boilerplate" subrogation clause can override the "make whole doctrine," *see Cutting v. Jerome Foods, Inc.,* 993 F.2d 1293, 1297 (7th Cir.1993), because the "make whole doctrine" is only an equitable gap-filler. *Id.*

Only the Eleventh Circuit has adopted a rule that is more favorable to the beneficiary, requiring an express repudiation of the doctrine in the ERISA plan documents. *See Cagle v. Bruner,* 112 F.3d 1510, 1521 (11th Cir.1997). Even in Circuits taking a generally pro-beneficiary position, an ERISA plan with language specifically allowing the plan "first reimbursement" is held to override the "make whole doctrine." *See, e.g., Barnes v. Independent Auto. Dealers Ass'n,* 64 F.3d 1389, 1394 (9th Cir.1995).

■ The Fourth Circuit has not spoken to the issue of whether—and to what extent—the "make whole doctrine" is a part of the common law of ERISA. Given, however, the weight of authority as collected and analyzed in *Harris, supra* at 150–52, this Court is of the opinion that the plan language at issue here absolutely rules out any application of the "make whole doctrine."

In relevant part, the plan provides:

The Fund's subrogation right is established by the Plan.... Once the Third Party's liability is resolved, you will be required to reimburse the Fund up to the full amount of the recovery for the full amount of loss of time benefits and/or medical benefits received.... "By accepting benefits from the Fund, the insured person agrees that any amounts recovered by the insured person by judgment, settlement or otherwise *will be first applied to reimburse the fund.*"

(Emphasis added.)

Based on the clear and unequivocal language of the plan at issue here, there is

absolutely no question that the petition in this case must be denied. *Barnes, supra.* To the extent that the petitioner's opposition memorandum can be read to suggest that the plan documents must mention the "make-whole doctrine" *in haec verba,* the Court rejects such contention as unsupported by authority and unsound.

 With regard to attorney's fees, the Court recognizes that, in *Harris,* 20 F.Supp.2d at 152–53, the Court allowed a *pro rata* reduction of the subrogated amount on account of reasonable attorney's fees. There was, however, no plan language or agreement in that case dealing with attorney's fees. Here, in contrast, there was a subrogation agreement entered into on behalf of Mr. Paris by his duly authorized agent, specifically providing that "[t]he Fund shall not be responsible for any of the Claimant's attorneys' fees or the costs of Claimant's litigation." In light of that provision, which is not inconsistent with the other language of the plan, the petitioner has no claim to a deduction of any portion of his attorney's fees from the amounts claimed by the Iron Workers' Trust Fund under its first right of reimbursement.

For the reasons stated, an Order will be entered separately, granting summary judgment in favor of the defendant Iron Workers' Trust Fund, Local No. 5, Washington, DC and against the petitioner, with each party to bear its own costs.

It is understood that this Court's order disposes only of the federal issue removed to this Court, and that any and all other issues relating to the trust in favor of Mr. Paris and its administration are not within this Court's jurisdiction.

### ORDER AND JUDGMENT

For the reasons stated in the foregoing Memorandum Opinion, it is, this 15th day of April, 1999, by the Court, ORDERED and ADJUDGED:

1. That defendant's motion for summary judgment BE, and it hereby IS, GRANTED;

2. That judgment BE, and it hereby IS, entered in favor of the defendant, and against the plaintiff, with each side bearing its own costs; and

3. That the Clerk of Court mail copies hereof to counsel for the parties.